```
                                                      FILED
                                                U.S. DISTRICT COURT
                                                DISTRICT OF KANSAS
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS    2011 AUG 18  AM 9:46

                                               TIMOTHY M. O'BRIEN
                                                      CLERK
```

Quanita Ann Peoples )
_____ )
_____ )
_____ )
_____ )
(Enter above the full name of Plaintiff(s)) )
 )
vs. )
 )
Langley/Empire Candle Company )  Case Number: 11-CV-2469 CM/JPO
Name )  (To be assigned by Clerk)
 )
2925 Fairfax Trafficway )
Street and number )
 )
Kansas City, Ks. 66115 )
City      State      Zip Code )

(Enter above the full name and address of
Defendant in this action - list the name and address
of any additional Defendants on the back side of
this sheet.)

### EMPLOYMENT DISCRIMINATION COMPLAINT

1. This employment discrimination lawsuit is based on (check only those that apply):

   ____ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin.
   **NOTE**: *In order to bring suit in federal district court under Title VII, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

   ____ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, for employment discrimination on the basis of age (age 40 or older).
   **NOTE**: *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

   **X** American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*,

1

for employment discrimination on the basis of disability.
**NOTE**: *In order to bring suit in federal district court under the American with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

\_\_\_\_ Other (Describe)

2. If you are claiming that the discriminatory conduct occurred at a different location than the address provided for Defendant, please provide the following information:

   (Street Address) (City/County) (State) (Zip Code)

3. When did the discrimination occur? Please give the date or time period:
   May 21, 2009

## ADMINISTRATIVE PROCEDURES

4. Did you file a charge of discrimination against Defendant(s) with the Kansas State Division of Human Rights or the Kansas State Commission on Human Rights?
   ✓ Yes   Date filed: Dec 7, 2009
   \_\_\_ No

5. Did you file a charge of discrimination against Defendant(s) with the Equal Employment Opportunity Commission or other federal agency?
   X Yes   Date filed: Dec 7, 2009
   \_\_\_ No

6. Have you received a Notice of Right-to-Sue Letter?
   X Yes \_\_\_ No
   If yes, please attach a copy of the letter to this complaint.

7. If you are claiming *age discrimination*, check one of the following:
   \_\_\_ 60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.
   \_\_\_ fewer than 60 days have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

## NATURE OF THE CASE

8. The conduct complained of in this lawsuit involves (check only those that apply):
   ___ failure to hire me
   _X_ termination of my employment
   ___ failure to promote me
   _X_ failure to accommodate my disability
   ___ terms and conditions of my employment differ from those of similar employees
   _X_ retaliation
   ___ harassment
   ___ reduction in wages
   ___ other conduct (specify):

   _____    _____
                                               _____
                                               _____
                                               _____
                                               _____
                                               _____

   Did you complain about this same conduct in your charge of discrimination?
   _X_ Yes     ___ No

9. I believe that I was discriminated against because of (check all that apply):
   ___ my race or color, which is _____
   ___ my religion, which is _____
   ___ my national origin, which is _____
   ___ my gender, which is ___ male; ___ female
   _X_ my disability or perceived disability, which is <u>had a hernia repair</u>
   ___ my age (my birth date is: _____)
   ___ other: _____

   Did you state the same reason(s) in your charge of discrimination?
   _X_ Yes     ___ No

10. State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. It is not necessary to make legal arguments, or to cite cases or statutes.

    <u>After having a hernia repair surgery due to the work I was doing for Langley/Empire Candles I was discharged from the job while waiting on my doctor to release me back to work while on FML. I could not just return back to work without a release form from my doctor. I do believe I was fired for retaining a lawyer to get workers compensation due to me having to have surgery cause of the work I did (lifting cases of candle all day)</u>

(Attach additional sheets as necessary).

11. The acts set forth in paragraph 10 of this complaint:
    \_\_\_\_\_ are still being committed by Defendant.
    \_\_\_\_\_ are no longer being committed by Defendant.
    \_\_\_\_\_ may still be being committed by Defendant.

12. Plaintiff:
    \_\_\_\_\_ still works for Defendant
    __X__ no longer works for Defendant or was not hired

13. If this is a *disability-related claim*, did Defendant deny a request for a reasonable accommodation?
    \_\_\_\_\_ Yes   __X__ No
    Explain: _____

## REQUEST FOR RELIEF

As relief from the allegations of discrimination as stated above, Plaintiff prays that the court grant the following relief to Plaintiff: (check any and all that apply)

\_\_\_\_\_ Defendant be directed to employ Plaintiff
__X__ Defendant be directed to re-employ Plaintiff
\_\_\_\_\_ Defendant be directed to promote Plaintiff
\_\_\_\_\_ Defendant be directed to _____
\_\_\_\_\_ Injunctive relief (please explain): _____
__X__ Monetary damages (please explain): Lost of my place
\_\_\_\_\_ Costs and fees involved in litigating this case
__X__ As additional relief to make Plaintiff whole, Plaintiff seeks: 50,000
For all my relief

and such other relief as may be appropriate, including attorney's fees, if applicable.

Signed this __17__ day of __August__, 20__11__.

Juanita Peoples
Signature of Plaintiff
Juanita A. Peoples
Name (Print or Type)
306 N.E. 64th st. #201
Address
Gladstone, MO. 64118
City State Zip Code

4

Telephone Number

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates ( Wichita, (Kansas City) or Topeka ), Kansas as the location for the trial in this matter.
(circle one location)

*Juanita Peeples*
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury ( yes or no ).
(circle one)

_____
Signature of Plaintiff

Dated: _____
(Rev. 8/07)

I Juanita should still have my job with Langley/Empire Candles due to the fact that I could not provide a fixed date to return to work which in fact is a form of reasonable accommodation, cause my leave of absence would not have caused an undue hardship. I had been with the company over a year and I did in fact enjoyed what I did.

Juanita Peaply

## GENERAL SURGERY ASSOCIATES
8919 Parallel Pkwy  Suite 206   Kansas City, KS 66112
Phone: (913) 334-6800      Fax: (913) 334-0875

**Lee V. Ludwig, M.D.**
**Scott D. Ellison, M.D.**
**Stephen J. Lowry, M.D.**

TO: Betty Brown

FAX #: 800-447-2498

DATE: 5/4/09

FROM: Wendy Allen, Office Manager

REGARDING: Quanita Peoples.
Claim # 4813141

PAGES: 2.

Quanita had CT scan 5/1/09 for continuing abdominal pain. The doctor will review the results tomorrow and make recommendations regarding a treatment plan. Until further notice, Quanita is not able to return to work.

CT attached

Wendy Allen for
Scott D. Ellison, MO.

--------------CONFIDENTIALITY NOTICE--------------

This transmission is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, or exempt from disclosure under applicable law. Unauthorized dissemination, distribution, or copying of any of the information contained in this transaction is strictly prohibited. If you received this transmission in error, please notify us immediately.

## GENERAL SURGERY ASSOCIATES

Joe M. Lee, M.D.        Lee V. Ludwig, M.D.        Scott D. Ellison, M.D.

8919 Parallel Parkway, #206 • Kansas City, Kansas 66112 • (913) 334-6800
3550 So. 4th Street, Suite 282 • Leavenworth, Kansas 66048

## Certificate for Return to Work-School

_Quanita A. Peoples_ has been under my care and is able to return to work-school on _5/28/09_

Remarks _With no restrictions._

Date _5/27_, 20_09_ _Scott Ellison_, M.D.

22-001



Ex 4

 **Langley/Empire Candle Company, LLC** 

2925 Fairfax Trafficway
Kansas City, Kansas 66115

800-231-9398 Toll Free
913-621-3444 Fax

May 20, 2009

certified mail

Quanita Peoples
1720 Bristol Ave, #1N
Kansas City, MO 64126

Dear Quanita:

We hope this letter finds you doing well.

As you know, you have been off work and your absence has been covered under the federal Family and Medical Leave Act (FMLA) since 2/26/2009. According to our records your 12-week job-protected and benefit-protected FMLA entitlement has been exhausted.

Unfortunately, you have not returned to work. Consequently, and as permitted by the FMLA regulations, we will no longer hold your position open for you and we consider your employment to be terminated.

If you were enrolled in the company sponsored health plan, you are eligible to continue your coverage. Information regarding your rights to continue coverage under Cobra will be mailed to you separately within the next couple of weeks.

You did use the uniform service and still have uniforms in your procession that need to be returned to us, or we will pursue recovering the cost through other means.

We wish you the very best.

Sincerely,

Linda Holton
HR Administrator

**Archived Time Card Report**

Includes one single employee.

**PEOPLES, QUANITA A**
Shift: Shift1
Department: Shipping
Position: Shipping
Hire Date: 03/05/07

$227.33 \quad \frac{34}{15.42} = 242.75$

341 avg weekly wage

01/01/09 to 03/18/09

| Date | In | Out | In | Out | Hours | Schedule | Exceptions |
|---|---|---|---|---|---|---|---|
| 01/01/09 | | | | | 8:00 | Holiday | |
| 01/02/09 | 6:42 | 15:56 | | | 8:56 | 7:00/15:30 | Left Late |
| 01/02/09 | | | | | 8:26 | Regular | |
| 01/05/09 | 10:59 | 16:27 | | | 5:28 | 7:00/15:30 | Tardy, Left Late |
| 01/05/09 | | | | | 5:28 | Regular | |
| 01/06/09 | 6:44 | 16:31 | | | 9:31 | 7:00/15:30 | Left Late |
| 01/06/09 | | | | | 9:01 | Regular | |
| 01/07/09 | 6:44 | 16:28 | | | 9:28 | 7:00/15:30 | Left Late |
| 01/07/09 | | | | | 8:58 | Regular | |
| 01/08/09 | 6:41 | 16:47 | | | 9:47 | 7:00/15:30 | Left Late |
| 01/08/09 | | | | | 9:17 | Regular | |
| 01/09/09 | 6:42 | 17:28 | | | 10:28 | 7:00/15:30 | Left Late |
| 01/09/09 | | | | | 2:42 | Overtime | |
| 01/09/09 | | | | | 7:16 | Regular | |
| 01/12/09 | 6:43 | 15:42 | | | 8:30 | 7:00/15:30 | |
| 01/12/09 | | | | | 8:00 | Regular | |
| 01/13/09 | 7:42 | 11:00 | | | 4:20 | 7:00/15:30 | Tardy, Left Early |
| 01/13/09 | | | | | 1:02 | Sick | |
| 01/13/09 | | | | | 3:18 | Regular | |
| 01/13/09 | | | | | | | left sick an off Wednesday |
| 01/14/09 | | | | | 8:00 | Sick | |
| 01/15/09 | 6:21 | 17:40 | | | 10:40 | 7:00/15:30 | Arr. Early, Left Late |
| 01/15/09 | | | | | 10:10 | Regular | |
| 01/16/09 | 6:46 | 17:00 | | | 10:00 | 7:00/15:30 | Left Late |
| 01/16/09 | | | | | 9:30 | Regular | |
| 01/19/09 | 9:56 | 17:36 | | | 7:10 | 7:00/15:30 | Tardy, Left Late |
| 01/19/09 | | | | | 7:10 | Regular | |
| 01/20/09 | 6:41 | 16:52 | | | 9:22 | 7:00/15:30 | Left Late |
| 01/20/09 | | | | | 9:22 | Regular | |
| 01/21/09 | 6:42 | 16:06 | | | 8:36 | 7:00/15:30 | Left Late |
| 01/21/09 | | | | | 8:36 | Regular | |
| 01/22/09 | 6:41 | 16:17 | | | 8:47 | 7:00/15:30 | Left Late |
| 01/22/09 | | | | | 8:47 | Regular | |
| 01/23/09 | 6:41 | 16:42 | | | 9:12 | 7:00/15:30 | Left Late |
| 01/23/09 | | | | | 3:07 | Overtime | |
| 01/23/09 | | | | | 6:05 | Regular | |
| 01/26/09 | 6:43 | 16:09 | | | 8:39 | 7:00/15:30 | Left Late |
| 01/26/09 | | | | | 8:39 | Regular | |
| 01/27/09 | 6:43 | 16:34 | | | 9:04 | 7:00/15:30 | Left Late |
| 01/27/09 | | | | | 9:04 | Regular | |
| 01/28/09 | 6:42 | 17:03 | | | 9:33 | 7:00/15:30 | Left Late |
| 01/28/09 | | | | | 9:33 | Regular | |
| 01/29/09 | 6:43 | 17:25 | | | 9:55 | 7:00/15:30 | Left Late |
| 01/29/09 | | | | | 9:55 | Regular | |
| 01/30/09 | 6:43 | 16:50 | | | 9:20 | 7:00/15:30 | Left Late |
| 01/30/09 | | | | | 6:31 | Overtime | |
| 01/30/09 | | | | | 2:49 | Regular | |
| 02/02/09 | 6:43 | 16:51 | | | 9:21 | 7:00/15:30 | Left Late |
| 02/02/09 | | | | | 9:21 | Regular | |
| 02/03/09 | 6:42 | 16:41 | | | 9:11 | 7:00/15:30 | Left Late |
| 02/03/09 | | | | | 9:11 | Regular | |
| 02/05/09 | 6:43 | 16:00 | | | 8:30 | 7:00/15:30 | Left Late |
| 02/05/09 | | | | | 8:30 | Regular | |
| 02/06/09 | 6:42 | 16:17 | | | 8:47 | 7:00/15:30 | Left Late |
| 02/06/09 | | | | | 8:47 | Regular | |
| 02/09/09 | | | | | 8:00 | Vacation | |
| 02/10/09 | 6:44 | 16:58 | | | 9:28 | 7:00/15:30 | Left Late |

Handwritten annotations in left margin:
- 31.8
- 36.55
- 44.8
- 44.75
- 38.33
- 32.45

## Archived Time Card Report

Includes one single employee.

| Date | In | Out | | | Hours | Schedule | Note |
|---|---|---|---|---|---|---|---|
| 02/10/09 | | | | | 9:28 | Regular | |
| 02/11/09 | 6:43 | 12:42 | | | 5:42 | 7:00/15:30 | Left Early |
| 02/11/09 | | | | | 5:42 | Regular | |
| 02/12/09 | | | | | 6:58 | Sick | |
| 02/16/09 | 6:43 | 15:45 | | | 8:15 | 7:00/15:30 | |
| 02/16/09 | | | | | 8:15 | Regular | |
| 02/17/09 | 6:41 | 16:42 | | | 9:12 | 7:00/15:30 | Left Late |
| 02/17/09 | | | | | 9:12 | Regular | |
| 02/20/09 | 6:41 | 16:33 | | | 9:03 | 7:00/15:30 | Left Late |
| 02/20/09 | | | | | 9:03 | Regular | |
| 02/21/09 | 10:55 | 13:35 | | | 2:40 | 7:00/15:30 | Tardy, Left Early |
| 02/21/09 | | | | | 2:40 | Regular | |
| 02/23/09 | 6:41 | 17:26 | | | 9:56 | 7:00/15:30 | Left Late |
| 02/23/09 | | | | | 9:56 | Regular | |
| 02/24/09 | 6:42 | 17:56 | | | 10:26 | 7:00/15:30 | Left Late |
| 02/24/09 | | | | | 10:26 | Regular | |
| 02/25/09 | 9:56 | 18:19 | | | 7:53 | 7:00/15:30 | Tardy, Left Late |
| 02/25/09 | | | | | 7:53 | Regular | |
| 02/26/09 | 6:42 | 12:00 | | | 5:00 | 7:00/15:30 | Left Early |
| 02/26/09 | | | | | 5:00 | Regular | |
| 02/27/09 | | | | | 11:00 | FMLA | |
| 02/27/09 | | | | | | | 3 hours FMLA for 2/26/09 |
| 02/28/09 | | | | | 8:00 | FMLA | |
| 03/02/09 | | | | | 8:00 | FMLA | |
| 03/03/09 | | | | | 8:00 | FMLA | |
| 03/04/09 | | | | | 8:00 | FMLA | |
| 03/05/09 | | | | | 8:00 | FMLA | |
| 03/06/09 | | | | | 8:00 | FMLA | |
| 03/09/09 | | | | | 8:00 | FMLA | |
| 03/10/09 | | | | | 8:00 | FMLA | |
| 03/11/09 | | | | | 8:00 | FMLA | |
| 03/12/09 | | | | | 8:00 | FMLA | |
| 03/13/09 | | | | | 8:00 | FMLA | |

Handwritten annotations: 17.45 ; 32.08

| HIFT-DEPT-POS-STA | | Pay Designation | Hours | Rate | Dollars |
|---|---|---|---|---|---|
| 1-6050-20-XX-WHSE | -F | Regular | 44:58 | 10.0000 | 449.6667 |
| 6-6050-20-WAX | -FT | Regular | 227:50 | 10.0000 | 2278.3330 |
| 6-6050-20-WAX | -FT | Overtime | 12:20 | 15.0000 | 185.0000 |
| 6-6050-20-WAX | -FT | Vacation | 8:00 | 10.0000 | 80.0000 |
| 6-6050-20-WAX | -FT | Sick | 16:00 | 10.0000 | 160.0000 |
| 6-6050-20-WAX | -FT | Holiday | 8:00 | 10.0000 | 80.0000 |
| 1-6050-20-XX-WHSE | -F | FMLA | 99:00 | 0.0000 | 0.0000 |

### Supervisor Edits

```
SHARDING 01/06/09 12:59 PAY TO ACT END ON 01/02/09
SHARDING 01/13/09  8:18 PAY TO ACT END ON 01/05/09
SHARDING 01/13/09  8:19 PAY TO ACT END ON 01/06/09
SHARDING 01/13/09  8:19 PAY TO ACT END ON 01/07/09
SHARDING 01/13/09  8:19 PAY TO ACT END ON 01/08/09
SHARDING 01/13/09  8:19 PAY TO ACT END ON 01/09/09
JDUY 01/15/09  8:33 ADD PUN 01/13/09 11:00
SHARDING 01/20/09 10:39 CREDIT 5:12 Sick 6-6050-20-WAX        -FT  01/13/09, Cancelled by SHARDING 1/20/2009 10:4
SHARDING 01/20/09 10:40 CREDIT 1:02 Sick 6-6050-20-WAX        -FT  01/13/09
SHARDING 01/20/09 10:37 CREDIT 8:00 Sick 6-6050-20-WAX        -FT  01/14/09
JDUY 01/16/09 13:37 ADD PUN 01/15/09 17:40
SHARDING 01/20/09 10:37 PAY TO ACT END ON 01/15/09
JDUY 01/19/09 16:32 ADD PUN 01/16/09 17:00
SHARDING 01/20/09 10:38 PAY TO ACT END ON 01/16/09
STA 3 EDIT 01/19/09 17:36 TRANSFER TO 6-?9881 -SUPR           -FT  ON 01/19/09 AT 17:36
JDUY 01/20/09  8:33 ADD PUN 01/19/09 17:36
SHARDING 01/27/09 16:49 PAY TO ACT END ON 01/19/09
SHARDING 01/27/09 16:49 PAY TO ACT END ON 01/20/09
SHARDING 01/27/09 16:49 PAY TO ACT END ON 01/21/09
SHARDING 01/27/09 16:49 PAY TO ACT END ON 01/22/09
SHARDING 01/27/09 16:50 PAY TO ACT END ON 01/23/09
```

## Archived Time Card Report

Includes one single employee.

```
SHARDING 02/02/09 16:11 PAY TO ACT END ON 01/26/09
SHARDING 02/02/09 16:11 PAY TO ACT END ON 01/27/09
SHARDING 02/02/09 16:11 PAY TO ACT END ON 01/28/09
JDUY 01/30/09 14:15 ADD PUN 01/29/09 17:25
SHARDING 02/02/09 16:11 PAY TO ACT END ON 01/29/09
SHARDING 02/02/09 16:11 PAY TO ACT END ON 01/30/09
LHOLTON 02/09/09 11:13 PAY TO ACT END ON 02/02/09
LHOLTON 02/09/09 11:14 PAY TO ACT END ON 02/03/09
LHOLTON 02/09/09 11:14 PAY TO ACT END ON 02/05/09
LHOLTON 02/09/09 11:14 PAY TO ACT END ON 02/06/09
LHOLTON 02/16/09  9:22 CREDIT 8:00 Vacation 6-6050-20-WAX         -FT  02/09/09
LHOLTON 02/16/09 11:01 PAY TO ACT END ON 02/10/09
LHOLTON 02/16/09 16:42 CREDIT 6:58 Sick 6-6050-20-WAX          -FT  02/12/09
LHOLTON 02/23/09 14:19 PAY TO ACT END ON 02/16/09
LHOLTON 02/23/09 14:08 PAY TO ACT END ON 02/17/09
LHOLTON 02/23/09 14:08 PAY TO ACT END ON 02/20/09
LHOLTON 03/03/09 10:05 PAY TO ACT END ON 02/23/09
LHOLTON 03/03/09 10:05 PAY TO ACT END ON 02/24/09
LHOLTON 03/03/09 10:06 PAY TO ACT END ON 02/25/09
LHOLTON 03/03/09 15:57 ADD PUN 02/26/09 12:00
LHOLTON 03/03/09 15:58 CREDIT 2:08 Vacation 1-6050-20-XX-WHSE       -FT  02/26/09, Cancelled by LHOLTON 3/3/2009
LHOLTON 03/03/09 16:01 CREDIT 3:00 FMLA 1-6050-20-XX-WHSE       -FT  02/26/09, Cancelled by LHOLTON 3/3/2009 4:0
LHOLTON 03/03/09 16:03 CREDIT 3:00 FMLA 1-6050-20-XX-WHSE       -FT  02/26/09, Cancelled by LHOLTON 3/3/2009 4:0
LHOLTON 03/03/09 16:06 CREDIT 3:00 FMLA 1-6050-20-XX-WHSE       -FT  02/26/09, Cancelled by LHOLTON 3/3/2009 4:1
LHOLTON 03/03/09 16:07 CREDIT 3:00 FMLA 1-6050-20-XX-WHSE       -FT  02/26/09, Cancelled by LHOLTON 3/3/2009 4:1
LHOLTON 03/03/09 16:09 CREDIT 3:00 FMLA 1-6050-20-XX-WHSE       -FT  02/26/09 BEGIN BEN PER., Cancelled by LHO
LHOLTON 03/03/09 16:02 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  02/27/09, Cancelled by LHOLTON 3/3/2009 4:1
LHOLTON 03/03/09 16:10 CREDIT 11:00 FMLA 1-6050-20-XX-WHSE       -FT  02/27/09 BEGIN BEN PER.
LHOLTON 03/03/09 16:05 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  02/28/09
LHOLTON 03/09/09 15:13 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/02/09
LHOLTON 03/09/09 15:13 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/03/09
LHOLTON 03/09/09 15:13 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/04/09
LHOLTON 03/09/09 15:13 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/05/09
LHOLTON 03/09/09 15:13 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/06/09
LHOLTON 03/16/09 12:32 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/09/09
LHOLTON 03/16/09 12:32 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/10/09
LHOLTON 03/16/09 12:32 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/11/09
LHOLTON 03/16/09 12:32 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/12/09
LHOLTON 03/16/09 12:32 CREDIT 8:00 FMLA 1-6050-20-XX-WHSE       -FT  03/13/09
```

**Designation Notice**
**(Family and Medical Leave Act)**

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



OMB Control Number: 1215-0181
Expires: 12/31/2011

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer must state in writing what additional information is necessary to make the certification complete and sufficient. While use of this form by employers is optional, a fully completed Form WH-382 provides an easy method of providing employees with the written information required by 29 C.F.R. §§ 825.300(c), 825.301, and 825.305(c).

To: Quanita Peoples

Date: 03/10/2009

We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided. We received your most recent information on March 4, 2009 and decided:

✓ Your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave.

The FMLA requires that you notify us as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against your leave entitlement:

____ Provided there is no deviation from your anticipated leave schedule, the following number of hours, days, or weeks will be counted against your leave entitlement: _____

✓ Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

**Please be advised (check if applicable):**
____ You have requested to use paid leave during your FMLA leave. Any paid leave taken for this reason will count against your FMLA leave entitlement.

____ We are requiring you to substitute or use paid leave during your FMLA leave.

✓ You will be required to present a fitness-for-duty certificate to be restored to employment. If such certification is not timely received, your return to work may be delayed until certification is provided. A list of the essential functions of your position ✓ is ☐ is not attached. If attached, the fitness-for-duty certification must address your ability to perform these functions.

____ Additional information is needed to determine if your FMLA leave request can be approved:

____ The certification you have provided is not complete and sufficient to determine whether the FMLA applies to your leave request. You must provide the following information no later than _____, unless it is not
(Provide at least seven calendar days)
practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied.

_____
(Specify information needed to make the certification complete and sufficient)

____ We are exercising our right to have you obtain a second or third opinion medical certification at our expense, and we will provide further details at a later time.

____ Your FMLA Leave request is Not Approved.
____ The FMLA does not apply to your leave request.
____ You have exhausted your FMLA leave entitlement in the applicable 12-month period.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to inform employees in writing whether leave requested under the FMLA has been determined to be covered under the FMLA. 29 U.S.C. § 2617; 29 C.F.R. §§ 825.300(d), (e). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 – 30 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**

Form WH-382 January 2009

## Warehouse/Material Handler

**Job Title:** Warehouse/Material Handler
**Department:** Shipping
**Schedule:** 7:00 a.m. – 3:30 p.m. M-F
**Reports to:** Logistics Supervisor

**SUMMARY DESCRIPTION OF POSITION** – Under general supervisor, is responsible for successfully moving materials, supplies and finished good through the facility, including unloading into warehouse and loading into delivery trucks.

**ESSENTIAL DUTIES AND RESPONSIBILITIES** include the following;
1. Primarily responsible for the accurate and efficient loading, unloading, sorting, documenting, labeling, shrink-wrapping, boxing, researching, counting and packaging finished product for shipping.
2. Move controls, levers, and devises to drive industrial forklifts to transport materials between loading, unloading, processing and storage areas.
3. Organize and secure materials where bales, boxes, super sacks, pallets, and other materials are stored.
4. Stage finished product for loading, load finished product onto truck, and/or railcar.
5. Unload raw materials from truck, or railcar, move raw materials to warehouse storage.
6. Cleans up and disposes of scrap bracing, corrugate, and strapping and places in proper containers or designated areas.
7. Responsible for quality control. No damaged product shipped out. No damaged raw material is accepted into facility.
8. Weigh materials or products, and record weight and other production data on tags or labels. Complete daily logs.
9. Perform routine pre and post inspections on forklift equipment to ensure forklift equipment is operating well.
10. Manually load or unload materials onto or off pallets, skids, platforms, or lifting devises.
11. Consult and work with managers, supervisors, employees, and customers/suppliers to coordinate loading and unloading operations.
12. Turn off and lock out equipment when not is use.
13. Complete forklift operator training annually, provided by company.
14. Ability to use handheld devices for scanning and inventory control purposes.
15. Complete other duties as assigned by a supervisor or manager.
16. Some overtime may be required on weekends or working overtime at the end of a shift.
17. Other duties as assigned by Supervisor or Manager.

**QUALIFICATIONS**
To perform this job successfully, an individual must be able to perform each essential duty satisfactorily. The requirements listed below are representative of the knowledge, skill and/or ability required.

1. Recent Shipping and warehouse experience and also has worked in high volume as a material handler within the last year.
2. Knowledge of shipping, receiving and warehouse practices and procedures.
3. Reading, writing and mathematical skills.

**EDUCATION and/or EXPERIENCE**
High school diploma or general education degree (GED); at least 4 years related experience and/or training; or equivalent combination of education and experience. Handheld device experience preferred.

**LANGUAGE SKILLS**

Ability to read, understand, and adhere to the rules and regulations published in English; ability to communicate effectively orally and in writing in English; ability to establish effective professional relationships with customers, co-workers, and upper level staff and employees; ability to prepare concise and accurate records and reports in English

**PHYSICAL DEMANDS**

The physical demands described here are representative of those that must be met by an employee to successfully perform the essential functions of this job. Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.

While performing the duties of this job, the employee is regularly required to sit, stoop, bending lift and/or move up to 50 pounds constantly during work day. The employee frequently is required to talk, hear and reach with hands and arms. Specific vision abilities required by this job include close vision and the ability to adjust focus.

**WORK ENVIRONMENT**

The work environment characteristics described here are representative of those an employee encounters while performing the essential functions of this job. Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.

**While performing the duties of this job, the employee is regularly exposed to a warehouse environment. The noise level in the work environment is usually noisy. There are times the employee will be required to walk through the production, receiving, and shipping areas, which will require the use of protective eyewear.**

**NOTE:**

This is not necessarily an exhaustive list of responsibilities, skills, duties, requirements, efforts, or working conditions associate with the job. While this list is intended to be an accurate reflection of the current job, the Company reserves the right to revise the functions and duties of the job or to require that additional or different tasks be performed when circumstances change (i.e., emergencies, changes in personnel, work load, rush jobs, or technological developments).

I have carefully read and understand the contents of this job description. I understand the responsibilities, requirements and duties expected of me. I also understand that this job description does not constitute a contract of employment nor alter my status as an at-will employee. I have the right to terminate my employment at any time and for any reason, the Company has a similar right.

_____     _____
Signature                                                Date

| Notice of Eligibility and Rights & Responsibilities (Family and Medical Leave Act) | U.S. Department of Labor<br>Employment Standards Administration<br>Wage and Hour Division |  |
|---|---|---|

OMB Control Number: 1215-0181
Expires: 12/31/2011

In general, to be eligible an employee must have worked for an employer for at least 12 months, have worked at least 1,250 hours in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

[Part A – NOTICE OF ELIGIBILITY]

TO:   Quanita A. Peoples
      Employee

FROM: Linda Holton
      Employer Representative

DATE: 2/23/09

On 2/19/09, you informed us that you needed leave beginning on 2-26-09 for:

_____ The birth of a child, or placement of a child with you for adoption or foster care;

✓ Your own serious health condition;

_____ Because you are needed to care for your _____ spouse; _____ child; _____ parent due to his/her serious health condition.

_____ Because of a qualifying exigency arising out of the fact that your _____ spouse; _____ son or daughter; _____ parent is on active duty or call to active duty status in support of a contingency operation as a member of the National Guard or Reserves.

_____ Because you are the _____ spouse; _____ son or daughter; _____ parent; _____ next of kin of a covered servicemember with a serious injury or illness.

This Notice is to inform you that you:

✓ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

_____ Are **not** eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons):

   _____ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ___ months towards this requirement.
   _____ You have not met the FMLA's 1,250-hours-worked requirement.
   _____ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact Human Resources, Linda Holton _____ or view the FMLA poster located in

[PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. **However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by** March 16, 2009 _____ . (If a certification is requested, employers must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

✓ Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to support your request ✓ is/ _____ is not enclosed.

_____ Sufficient documentation to establish the required relationship between you and your family member.

_____ Other information needed: _____

_____ No additional information requested

**If your leave does qualify** as FMLA leave you will have the following **responsibilities** while on FMLA leave (only checked blanks apply):

✓     Contact Linda Holton    at Human Resources    to make arrangements to continue to make your share of the premium payments on your health insurance to maintain health benefits while you are on leave. You have a minimum 30-day (or, indicate longer period, if applicable) grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, provided we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work.

____     You will be required to use your available paid __✓__ **sick**, __✓__ **vacation**, and/or ____ **other leave** during your FMLA absence. This means that you will receive your paid leave and the leave will also be considered protected FMLA leave and counted against your FMLA leave entitlement.

____     Due to your status within the company, you are considered a "key employee" as defined in the FMLA. As a "key employee," restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us. We ___**have**/___ **have not** determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to us.

✓     While on leave you will be required to furnish us with periodic reports of your status and intent to return to work every 30 days . (Indicate interval of periodic reports, as appropriate for the particular leave situation).

**If the circumstances of your leave change, and you are able to return to work earlier than the date indicated on the reverse side of this form, you will be required to notify us at least two workdays prior to the date you intend to report for work.**

**If your leave does qualify** as FMLA leave you will have the following **rights** while on FMLA leave.

- You have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period calculated as:

    ____    the calendar year (January – December).

    ____    a fixed leave year based on _____

    ____    the 12-month period measured forward from the date of your first FMLA leave usage.

    __✓__    a "rolling" 12-month period measured backward from the date of any FMLA leave usage.

- You have a right under the FMLA for up to 26 weeks of unpaid leave in a single 12-month period to care for a covered servicemember with a serious injury or illness. This single 12-month period commenced on _____

- Your health benefits must be maintained during any period of unpaid leave under the same conditions as if you continued to work.
- You must be reinstated to the same or an equivalent job with the same pay, benefits, and terms and conditions of employment on your return from FMLA-protected leave. (If your leave extends beyond the end of your FMLA entitlement, you do not have return rights under FMLA.)
- If you do not return to work following FMLA leave for a reason other than: 1) the continuation, recurrence, or onset of a serious health condition which would entitle you to FMLA leave; 2) the continuation, recurrence, or onset of a covered servicemember's serious injury or illness which would entitle you to FMLA leave; or 3) other circumstances beyond your control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.
- If we have not informed you above that you must use accrued paid leave while taking your unpaid FMLA leave entitlement, you have the right to have ____ **sick,** ____**vacation,** and/or ___ **other leave** run concurrently with your unpaid leave entitlement, provided you meet any applicable requirements of the leave policy. Applicable conditions related to the substitution of paid leave are referenced or set forth below. If you do not meet the requirements for taking paid leave, you remain entitled to take unpaid FMLA leave.

    __✓__ For a copy of conditions applicable to sick/vacation/other leave usage please refer to Employee Handbook available at: Human Resources .

    ____Applicable conditions for use of paid leave: _____

    _____

    _____

    _____

**Once we obtain the information from you as specified above, we will inform you, within 5 business days, whether your leave will be designated as FMLA leave and count towards your FMLA leave entitlement. If you have any questions, please do not hesitate to contact:**

Human Resources, Linda Holton     at 913-621-4555x114 .

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**

It is mandatory for employers to provide employees with notice of their eligibility for FMLA protection and their rights and responsibilities. 29 U.S.C. § 2617; 29 C.F.R. § 825.300(b), (c). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616, 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. **DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Kansas City Area Office**

Terri Wilke, Investigator
(913)551-5845
FAX (913) 551-6957

400 State AVE STE 905
Kansas City KS 66101
(913)551-5655

May 2, 2011

Ms. Quanita Peoples
1721 Meadowlark CT APT 102
Kansas City KS 66102

RE: EEOC Charge #28D2010-00172
    Peoples v Langley/Empire Candle

Dear Ms. Peoples:

You have alleged you were discharged because of your disability and record of disability, in violation of the Americans with Disabilities Act.

Respondent states you submitted a request for Family Medical Leave that stated you were having surgery on 3/3/09 and that you would be expected to be absent from 4 to 6 weeks. On 5/21/09, because you had exhausted your 12 week period of Family Medical Leave, Respondent sent you a letter that stated you were no longer employed.

There is insufficient evidence for EEOC to take action concerning your charge. You submitted a leave request for 4 to 6 weeks and that form clearly states you would be required to have a release from your doctor before you would be allowed to return to work. It was your testimony that you thought your doctor had sent that release, however, you still had not returned to work. It is unlikely that EEOC can establish this Respondent employer violated the Americans with Disabilities Act, therefore, EEOC will close your charge and issue to you a Notice of the Right to Sue.

This finding will not certify that the employer is in compliance with the law. You will retain private suit rights, assuming you file a lawsuit in a timely manner. You will receive a dismissal letter which will explain that you have <u>90 days from receipt of that letter to file a lawsuit in federal court</u> if you wish to proceed further. If you have additional information or evidence which has not been submitted so far and which you believe will affect my determination, please phone me or write within ten days of your receipt of this letter. My number is (913)551-6645.

Respectfully,

Terri Wilke,
Investigator