IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QUANITA A. PEOPLES,              )
                                 )
            Plaintiff,           )
                                 )
v.                               )
                                 )         No. 11-2469-CM-JPO
LANGLEY/EMPIRE CANDLE COMPANY,   )
                                 )
            Defendant.           )
                                 )

## MEMORANDUM AND ORDER

Plaintiff Quanita A. Peoples brings this action *pro se* and *in forma pauperis* against her former employer, defendant Langley/Empire Candle Company, alleging state-law retaliatory discharge and violations of the ADA and FMLA. Before the court is defendant's Motion for Judgment on the Pleadings or in the Alternative Motion to Dismiss (Doc. 9), and defendant's Motion to Dismiss State Law Claim (Doc. 11). Because a hernia repair is not a disability under the ADA and because plaintiff's complaint does not allege an FMLA violation, the court grants defendant's motion for judgment on the pleadings.[1] Having done so, the court also dismisses the remaining state law claim without prejudice.

---

[1] Plaintiff attaches several documents to her complaint. (Doc. 1.) Defendant supplies the court with these same documents as exhibits to its Rule12(b)(6) motion, and additionally asks the court to take judicial notice of the 2009 calendar. The court need not consider these documents in evaluating the ADA claim, but does consider them in evaluating the FMLA claim. Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss, *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (citing *Indus. Constructors Corp. v. U.S. Bur. of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)), and facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment, *see Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004).

I. **Factual and Procedural Background**

Plaintiff informed defendant that she needed FMLA leave beginning February 26, 2009. Her FMLA leave request form indicates she expected to be absent from four to six weeks. The form notified plaintiff that she would be required to present a fitness-for-duty certificate in order to be restored to her position. Plaintiff had hernia repair surgery on March 3, 2009. The doctor's handwritten note indicates that, as of early May, plaintiff was not able to return to work. In a letter dated May 20, 2009, defendant informed plaintiff that her twelve-week period of FMLA leave had been exhausted, but plaintiff had not yet returned to work. Consequently, defendant terminated her employment. Plaintiff was released by her doctor to return to work without restrictions effective May 28, 2009.

Plaintiff filed a complaint with the EEOC and received a right-to-sue letter. She alleges that her hernia repair surgery was necessitated by the work she performed for defendant, and she was unlawfully discharged while on FMLA leave for that surgery. She believes she was also terminated in retaliation for hiring an attorney regarding worker's compensation claims. Finally, she asserts that defendant failed to accommodate her disability—a hernia repair— in violation of the ADA. The complaint maintains that defendant did not deny a request for accommodation.

II. **Standards**

In reviewing a Rule 12(b)(6) motion to dismiss, the court assumes as true all well-pleaded facts, and construes any reasonable inferences from these facts in favor of plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1951 (2009); *Tal*, 453 F.3d at 1252. The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual

allegations need not be detailed, they must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

Where, as here, a plaintiff is proceeding *pro se*, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," and this court need not accept allegations that state only legal conclusions. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted).

Additionally, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss *sua sponte* an *in forma pauperis* action as failing to state a claim upon which relief may be granted. *Whitney*, 113 F.3d at 1172–73; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal is warranted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that amendment would be futile. *Id*. at 1173 (citations and quotations omitted).

**III.   Analysis**

      **ADA**

To succeed on a claim of discrimination under the ADA, 42 U.S.C. § 12101 *et seq*., an employee must demonstrate that: (1) she is disabled within the meaning of the ADA; (2) she is qualified, with or without reasonable accommodation; and (3) she was discriminated against because of her disability. 42 U.S.C. § 12112(a).

Defendant argues (1) plaintiff's hernia and/or hernia repair surgery does not qualify as a disability protected under 42 U.S.C. § 12102(1)(A) of the ADA; (2) it does not qualify as a transitory impairment protected by 42 U.S.C. § 12102(3)(B); and (3) it is undisputed that defendant did not deny a request for accommodation, so any such claim is barred.

The court agrees with defendant. Taking all of plaintiff's factual allegations as true, her complaint fails to establish a case of discrimination under the ADA because "a hernia repair" is not a protected disability or perceived disability, and, regardless, there is no allegation that defendant terminated her because of any disability.

An individual's impairment is a "disability" under the ADA only if it substantially limits a major life activity. 42 U.S.C. § 12102(2). Factors to be considered in determining whether a substantial limitation is present are the nature and severity of the impairment, the duration or expected duration of the impairment, and the permanent or long-term impact of or resulting from the impairment. 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(j)(2). Temporary disability while recuperating from surgery is generally not considered a disability under the ADA. 42 U.S.C. § 12102(2), (3)(B); *Rebarchek v. Farmers Co-op. Elevator & Mercantile Ass'n*, 60 F. Supp. 2d 1145, 1151–52 (D. Kan. 1999) (holding that employee's back injury was not an ADA "disability": although back injury required surgery and employee was given certain restrictions while recovering from surgery, there was no evidence that his restrictions were expected to be permanent or that his condition was expected to result in a permanent or long-term impairment of his ability to engage in major life activities); *South v. NMC Homecare, Inc.*, 943 F. Supp. 1336 (D. Kan. 1996) (holding that employee's abdominal tumor, which was surgically removed and which he erroneously believed had reappeared, was not a disability under the ADA, nor were adhesions along the surgical scar).

Courts faced with the particular question here on similar factual allegations have consistently

-4-

held that, because it is temporary, can be corrected by surgery, and does not substantially limit major life activities, a hernia is not a disability under ADA. *Thompson v. St. Johns Unif. Sch. Dist.*, 26 F. App'x 712, 717 (9th Cir. 2002); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996); *Williams v. Fred Meyer Stores, Inc.*, No. C07-5013 RBL, 2008 WL 65507, at *2 (W.D. Wash. Jan. 4, 2008); *Lundberg v. Burlington N. & Santa Fe Ry. Co.*, No. Civ. 01-2286 (DWF/JSM), 2003 WL 21402605, at *5 (D. Minn. June 17, 2003); *Johnson v. City & Cnty. of San Francisco*, Nos. C-99-4375 JL, C-00-0221 JL, 2001 WL 263298, at *5 (N.D. Cal. Mar. 8, 2001); *Green v. Rosemont Indus., Inc.*, 5 F. Supp. 2d 568, 572–73 (S.D. Ohio 1998); *Gonzalez v. Perfect Carton Corp.*, No. 95 C 5476, 1996 WL 89058, at *2 (N.D. Ill. Feb. 28, 1996). *But see Markham v. Salina Concrete Prod. Inc.*, No. 10-1104-JTM, 2010 WL 5093769, at *3 (D. Kan. Dec. 8, 2010) (finding allegations survived motion to dismiss where employee was terminated for refusing to lift heavy blocks, had history of back injury and back pain, and had previously been subject to lifting restrictions imposed after hernia several years earlier).

Here, plaintiff's allegations suggest she underwent surgery and was released without restrictions just less than three months later. Drawing all reasonable inferences in favor of plaintiff, the complaint fails to state a claim where the hernia and hernia repair surgery were of temporary duration and there is no allegation that it substantially limited a major life activity or that defendant regarded it as doing so. Additionally, plaintiff offers nothing to suggest that she suffered an adverse employment action on the basis of any disability, real or perceived. Plaintiff fails to state a claim under the ADA.

**FMLA**[2]

---

[2] Although plaintiff's complaint itself does not specifically allege an FMLA claim, liberal

(continued...)

The FMLA, 29 U.S.C. §§ 2601–2654, allows a qualified employee to take up to twelve weeks of job-protected leave during a twelve-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Under 29 U.S.C. § 2615(a)(1), it is unlawful for any employer to interfere with or deny the exercise of this substantive right. To prevail on an FMLA interference claim, plaintiff must show that she was entitled to FMLA leave and that some action by defendant, such as termination, interfered with her right to take that leave. *See Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1006 (10th Cir. 2011); *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004).

However, the right to reinstatement protected under the FMLA expires on the date that FMLA leave expires. *Smith v. Blue Dot Servs. Co.*, 283 F. Supp. 2d 1200, 1205 (D. Kan. 2003); *see also Beckendorf v. Schwegmann Giant Super Mkts., Inc.*, 134 F.3d 369, No. 97-30539, 1997 WL 811826, at *2 (5th Cir. Dec. 18, 1997) (holding that once employee's leave expires, right to restoration also expires and employer is no longer under any express statutory duty imposed by the FMLA to reinstate employee). Therefore, plaintiff's claim fails if defendant was under no obligation to rehire or reinstate her. *Mondaine v. Am. Drug Stores, Inc.*, 408 F. Supp. 2d 1169 (D. Kan. 2006) (holding employer was not required to restore employee to an equivalent position with equivalent hours where she did not return to work until some three weeks after her FMLA leave had expired).

A Notice of Eligibility and Rights and Responsibilities dated February 23, 2009, indicates that plaintiff notified her employer on February 19, 2009, that she needed medical leave beginning on February 26, 2009. (Doc. 1 at 16.) She received another designation notice on March 10, 2009,

---

²(...continued)
construction and the materials attached to the complaint suggest that this is one of her theories of relief.

indicating that her FMLA leave request was approved and that, to be restored to employment, she would be required to present a fitness-for-duty certificate. (Doc. 1 at 13.) Her doctor released her to work on May 28, 2009. (Doc. 1 at 8.)

Defendant alleges that plaintiff's leave began on February 26, 2009, and that plaintiff failed to return to work before her twelve-week FMLA leave expired. In her response to the motion to dismiss, plaintiff asserts that she wasn't aware that her FMLA leave was to start on February 26, 2009—the day of her first doctor's appointment. She believed her FMLA leave started March 10, 2009—when it was approved by the Department of Labor. (Doc. 19 at 57.)

Although defendant's brief is rife with typographical errors on many of the critical dates, the court believes that the allegations of plaintiff's complaint, taken as true, fail to state a claim under FMLA because an employee is only protected under the FMLA if she reports to work with the required certification by the time protected leave concludes. Plaintiff's subjective belief as to when her FMLA leave began is not legally significant. Plaintiff's complaint and attached materials establish that plaintiff requested FMLA leave beginning February 26, 2009; she left work early that day and was subsequently absent from work; and she was not released to work until May 28, 2009, exactly thirteen weeks later. Plaintiff fails to state a claim under the FMLA.

**Retaliation Claim**

Construed liberally, plaintiff's complaint also raises a state-law retaliatory discharge claim by alleging she was terminated in retaliation for retaining a lawyer to get workers compensation. Under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over plaintiff's state claims if the court has federal question jurisdiction, but if the court dismisses all federal question claims, it may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *Burdett v. Harrah's Kan. Casino Corp.*, 260 F. Supp. 2d 1109, 1122 (D. Kan. 2003). The court has dismissed the federal

-7-

claims here. And it does not appear that plaintiff has alleged jurisdiction on any other basis.[3] Because "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary," the court declines to exercise supplemental jurisdiction over plaintiff's retaliatory discharge claim. *Brooks v. Gaenzle*, 614 F. 3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)). The claim is therefore dismissed without prejudice to refiling in state court within the time frame set out by statute. 28 U.S.C. § 1367(d) (thirty days unless state law provides for longer); Kan. Stat. Ann. § 60-518 (six months).

**IT IS THEREFORE ORDERED** that defendant's Motion for Judgment on the Pleadings or in the Alternative Motion to Dismiss (Doc. 9) is granted. Plaintiff's ADA and FMLA claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss State Law Claim (Doc. 11) is granted. Plaintiff's state law claim is dismissed without prejudice.

Dated this 20th day of January 2012, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**

---

[3] The court notes that the complaint attributes a Kansas address to defendant and a Missouri address to plaintiff. The prayer for relief sets out $50,000 in monetary damages. Therefore plaintiff fails to establish that jurisdiction would lie here based on diversity. *See* 28 U.S.C. § 1332.